HOWELL BROTHERS V. S. B. CAMPBELL *et al.*

JUDGMENT — *Service of Summons — Appearance in Court.* Before judgment can be ordered against parties named as defendants in an action, who have not been served with summons, and who are in default, it must be clearly shown, either that they personally appeared in court, or that some authorized person appeared for them.

*Error from Decatur District Court.*

THE opinion states the case.

*Mills, Smith & Hobbs,* for plaintiffs in error.

*Bertram & McElroy,* for defendants in error the State Bank of Lenora, John Shields, and Moses Lewis.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action by Howell Brothers to recover a judgment against S. B. Campbell, for the value of lumber and building material sold to him for the construction of a building, and to declare a lien upon the premises whereon the building stood. It was alleged that after the material had been furnished, and the building erected, Campbell sold the same to C. A. Lewis and Moses Lewis, who were made defendants, and who agreed to pay the claim of Howell Brothers for the lumber and building material with which the house had been constructed. Several parties were made defendants, but the only one who appeared and answered was Moses Lewis. Two of the defendants filed disclaimers, but it does not appear that S. B. Campbell; M. A. Lewis, and C. A. Lewis, who were in default, were served with summons or properly brought into the case. The cause was then tried upon the petition of the plaintiffs and the answer of the defendant Moses Lewis, who alleged and contended that there was no liability against him and in favor of the plaintiffs. Judgment was given in his favor and against the plaintiffs.

It is now contended that the plaintiffs were entitled to a personal judgment against the Campbells and C. A. Lewis, who

were in default for answer.   If the parties named had been served or had entered an appearance, the plaintiffs would be entitled to a personal judgment against them.   It does not appear, however, that any service was made, and the only claim of an appearance is the manifest inadvertent use of the word "defendants" in several places in the record.   The only attorneys who appeared in the case were those of the answering defendant, Moses Lewis.   The trial was had upon the issues joined between the plaintiffs and that defendant.   Before defendants not served can be held to be in court, it must be clearly shown that they have appeared, or that some authorized person had entered an appearance for them.   It does not appear that the attention of the court was called to the omission to enter judgment against the Campbells and C. A. Lewis, or that any personal judgment was demanded against them.   In the absence of a clear showing that they were properly in court, we cannot now direct a personal judgment against them.

The judgment of the district court will be affirmed.

All the Justices concurring.